FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 15 2011 ★
BROOKLYN OFFICE

C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OTIS BRYANT, Petitioner, - against - HAROLD D. GRAHAM, Respondent. | **MEMORANDUM DECISION AND ORDER** 11 Civ. 6006 (BMC) |

**COGAN**, District Judge.

Otis Bryant brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Conceding that his claims are unexhausted, and therefore barred from federal habeas review at this time, Bryant seeks a stay of this action while he exhausts his claim in state court. The petition is dismissed without prejudice and Bryant's request for a stay is denied for the following reasons.

Bryant's claims allege the ineffectiveness of his appellate counsel. These claims obviously could not have been raised on direct appeal; Bryant raised them in a petition for a writ of error *coram nobis* in the Appellate Division. Because the *coram nobis* petition is still pending in the Appellate Division, Bryant's claims are unexhausted. See, e.g., Aparicio v. Artuz, 269 F.3d 78, 89 (2d Cir. 2001) ("To satisfy § 2254's exhaustion requirements, a petitioner must present the substance of the same federal constitutional claims that he now urges . . . to the highest court in the pertinent state[.]") (internal quotation marks and citations omitted). Unexhausted claims are barred from federal habeas review. See 28 U.S.C. § 2254(b)(1)(A). Bryant acknowledges this point and explains that he has filed the instant habeas petition at this

time because he fears that his claims will become time-barred from federal habeas review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

However, Bryant overlooks the tolling provision found in 28 U.S.C. § 2244(d)(2). This provision states that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward" the one-year period of limitation applicable to Bryant's federal habeas petition. Accord Sorce v. Artuz, 73 F. Supp. 2d 292, 294 (E.D.N.Y. 1999). A *coram nobis* petition is the proper mechanism for Bryant to present his claim of ineffective assistance of appellate counsel to the New York courts. See, e.g., 34B N.Y. JUR. 2d *Criminal Law: Procedure* § 3378 (2011). There is no time limit for filing a *coram nobis* petition under New York law. See Smith v. Duncan, 411 F.3d 340, 348 n.6 (2d Cir. 2005). Bryant's *coram nobis* petition thus constitutes a "properly filed application for State post-conviction or other collateral review," and qualifies for § 2244(d)(2)'s tolling provision.

Under this tolling provision, the one-year period in which Bryant must file his § 2254 petition excludes the time during which his *coram nobis* petition – or an appeal from the Appellate Division's disposition of the *coram nobis* petition – is pending. Bryant states that he filed his *coram nobis* petition on November 16, 2011. On that date, less than two months of Bryant's one-year time limit had already run. Once Bryant has exhausted this claim, the clock will restart and Bryant will have ample time, approximately 10 months, to file his § 2254 petition in this Court.[1]

Because Bryant's petition is comprised solely of unexhausted claims, his petition should be dismissed without prejudice, see McKethan v. Mantello, 292 F.3d 119, 122 (2d Cir. 2002), and a stay is not available. See Gonzales v. Lee, No. 10-CV-3366, 2011 WL 3471530 (E.D.N.Y.

---

[1] The Court cautions Bryant that it is not determining the precise date by which he must file his habeas corpus petition. That is his determination to make. But if the dates are as he describes, it does appear he will have at least 10 months from final disposition of his *coram nobis* motion to seek relief in this Court.

Aug. 3, 2011) ("Where, as here, the petition is not mixed, and contains only unexhausted claims, federal courts that have considered the issue are in agreement that the stay-and-abeyance procedure [for mixed petitions] is not available.") (internal quotation marks omitted).

This dismissal is without prejudice to Bryant bringing a new § 2254 petition once his claims are exhausted. If Bryant files a new § 2254 petition, he will not confront the "second or successive" bar found in 28 U.S.C. § 2244(b)(1) as a result of the instant dismissal. See Slack v. McDaniel, 529 U.S. 473, 485-86, 120 S.Ct. 1595 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition.").

## CONCLUSION

Bryant's request for a stay is denied and his petition is dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
       December 14, 2011